IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA POLONSKY-BRITT,

         Plaintiff,                    No. 2:10-cv-02951-KJM-JFM

   vs.                            FINAL PRETRIAL ORDER

YUBA CITY UNIFIED SCHOOL
DISTRICT, et al.,

         Defendants.

_____/

        On November 15, 2012, the court conducted a final pretrial conference.   Michael J. Trezza appeared for plaintiff; James K. Ward appeared for defendants (alternatively, "the District").  After hearing, and good cause appearing, the court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated on 28 U.S.C. § 1331.  Venue is proper as the underlying events occurred in the Eastern District.  Jurisdiction and venue are not contested.

<u>JURY/NON-JURY</u>

        Both parties request a jury.

/////

/////

1

UNDISPUTED FACTS

The parties have agreed to the following undisputed facts:

1.     Plaintiff began working at Yuba County Unified School District ("YCUSD") as a special education student approximately 15 years ago.

2.     Plaintiff worked at YCUSD's April Lane Elementary School up to and including the 2008-2009 academic year.

3.     As a special education instructor, plaintiff's job duties included teaching students who were beneficiaries of federal funding subject to Section 504 of the Rehabilitation Act.

4.     During the 2008-2009 academic year, April Lane Elementary School Principal, Angela Huerta, asked plaintiff to teach three English Language Development students.

5.     Plaintiff agreed to work with the three English Language Development students and did not raise any objections about doing so.

6.     Plaintiff has the appropriate credentials to teach English language development. YCUSD's peer mediation program is voluntary; therefore, April Lane Elementary School's Literacy Coach, Helen Gomez, was not required to mediate a dispute with plaintiff regarding an inadvertent email she sent to plaintiff but which was meant for April Lane's Principal, Angela Huerta.

7.     As Principal for April Lane Elementary School, Angela Huerta's duties include supervision of all teaching personnel.

8.     During the 2008-2009 academic year at April Lane, school administrators held a meeting where a "panel of experts" would provide strategies on how to handle behavior problems for all students (not just special education students).

9.     Plaintiff was not included on this panel.

/////

10. During the 2008-2009 academic year, April Lane Elementary School's Vice Principal, Brian Arcuri, asked plaintiff to obtain parental waivers for three special education students at April Lane who had taken the State's modified science assessment.

11. Plaintiff refused to obtain the parental waivers because she believed it to be illegal to procure them after the testing had already occurred.

12. The year prior to this testing incident, plaintiff had the responsibility to determine whether the students were eligible to take the modified science assessment.

13. Vice Principal Arcuri was directed by YCUSD's Program Specialist, Diane Bailey, to contact the parents and obtain the parental waivers himself.

14. Plaintiff was not disciplined for refusing to obtain the parental waivers.

15. Near the end of the 2008-2009 school year, plaintiff was called to the district office and was told that her Learning Center position at April Lane was being reduced to an 80% position beginning with the 2009-2010 school year due to lack of special education student enrollment.

16. Plaintiff does not believe that anyone at YCUSD lied to her about the reasons given to her regarding the reduction of the April Lane Learning Center position.

17. Pursuant to the District's memorandum of understanding with the teachers' union, YCUSD can assign teachers wherever they are needed.

18. Following the decision to reduce the April Lane Learning Center position, plaintiff was given the following options regarding her work site:

   A. She could remain at April Lane in the 80% position;

   B. She could transfer to King Avenue Elementary School in a 100% position;

   C. She could transfer to Andros Karperos Middle School in a 100% position; or

   D. She could transfer to a local charter school in a 100% position.

3

19. Plaintiff accepted the District's offer to transfer to King Avenue Elementary School in a 100% position.

20. Plaintiff's caseload at King Avenue Elementary School at the start of the 2009-2010 school year was twenty-nine students.

21. Special education student caseloads fluctuate throughout the year and often decline as students are reassessed, moved out of special education, move out of the district, or transfer to other schools or teachers.

22. YCUSD administration did not request a waiver from the State Department of Education with respect to plaintiff's starting caseload at King Avenue Elementary School because it was expected that plaintiff's initial caseload for the 2009-2010 school year would decline after school started.

23. During plaintiff's time at King Avenue Elementary School, YCUSD assigned a program specialist, Diane Bailey, to work with plaintiff on her scheduling and also provided plaintiff with a substitute teacher so that plaintiff would have more time to complete her duties.

24. Plaintiff took a leave of absence from October 31, 2008 through March 31, 2009.

DISPUTED FACTUAL ISSUES

The parties dispute the following:

1. Whether plaintiff engaged in protected activity by advocating for special education students.

2. Whether plaintiff suffered any materially adverse employment action as a result of her advocacy for special education students.

3. Whether there was a causal connection between any perceived adverse employment action imposed by the District and any alleged advocacy for special education students by plaintiff.

/////

4

4.    Whether YCUSD provided plaintiff with adequate support and services so that she could adequately instruct her special education students at April Lane Elementary School.

5.    Whether April Lane Elementary School Principal Angela Huerta's request that plaintiff serve three English Language Development students during the 2008-2009 academic year was retaliation for plaintiff advocating for special education students.

6.    Whether the inadvertent email sent by YCUSD employee Helen Gomez was retaliation for plaintiff advocating for special education students.

7.    Whether April Lane Elementary School Principal Angela Huerta began checking on plaintiff's whereabouts in retaliation for plaintiff advocating for special education students.

8.    Whether plaintiff's exclusion from a "panel of experts" formed to discuss strategies on how to handle student behavior issues was in retaliation for plaintiff advocating for special education students.

9.    Whether YCUSD committed any illegal act with respect to its attempt to obtain parental waivers after the modified science testing had been conducted.

10.   Whether April Lane Vice Principal Brian Arcuri retaliated against plaintiff because plaintiff refused to obtain parental waivers for the modified science assessments.

11.   The reason or reasons for the decision to reduce the April Lane Elementary School Learning Center position to an 80% position beginning with the 2009/2010 school year.

/////

/////

/////

12. Whether YCUSD made any offer to plaintiff that would have allowed her to remain in her position at the April Lane Learning Center for the 2009/2010 school year and earn a salary commensurate with a 100% special education teacher.

13. Whether the student caseload given to plaintiff at King Avenue was retaliation for plaintiff engaging in advocacy for District special education students.

14. Whether YCUSD provided plaintiff with adequate support and services so that she could adequately instruct her special education students at King Avenue Elementary School.

15. Whether plaintiff was retaliated against for advocating for special education students while she was assigned to King Avenue Elementary School.

16. Whether YCUSD provided plaintiff with adequate support and services so that she could adequately instruct her special education students at Lincrest Elementary School.

17. Whether plaintiff was retaliated against for advocating for special education students while she was assigned to Lincrest Elementary School.

18. The types and amounts of damages to which plaintiff is entitled to recover, if any.

19. Whether plaintiff suffered any emotional distress damages.

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES

Defendants dispute plaintiff's self-designation as an expert in special education. The court will determine this issue in response to a motion in limine before trial, if such a motion is filed.

/////

Each pretrial ruling will be made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted). In addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) are denied without prejudice. Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire before such expert may be called to testify.

AGREED STATEMENTS

None.

RELIEF SOUGHT

Plaintiff seeks economic damages for medical expenses and lost wages.  In addition, she seeks general damages and future medical expenses for treatment of depression, anxiety, and mental and emotional distress.  Plaintiff is also seeking recovery for future medical expenses for treatment of cardiovascular damages, all in an amount according to proof.

Defendants seek that plaintiff be awarded no damages and judgment be entered in favor of defendants, that they be awarded costs of suit, including attorneys' fees; and that the court grant other and further relief deemed just and proper.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards.  Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

/////

ABANDONED ISSUES

Plaintiff abandons the following claims:

1.    That the verbal altercation between the plaintiff and her co-worker, Roy Bagley, regarding April Lane's proposed character education program was a retaliatory act based upon advocacy for special education students.

2.     That April Lane Principal's failure to intervene in the argument between plaintiff and Roy Bagley was a retaliatory act based upon advocacy for special education students.

3.    That King Avenue Elementary School's Principal Tom Walter's failure to give plaintiff a room key during the summer before she started working at King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

4.    That the District's offer to plaintiff to work at a local parochial school following her leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

5.    That the District's offer to plaintiff to work at a local charter school following her leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

6.    That plaintiff's "Home and Hospital" assignment following her return to work after a leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

7.    That her physical working conditions (i.e., lighting to accommodate her visual disability) were in retaliation for advocacy for special education students.

8.    That she was not allowed to retrieve her teaching items from King Avenue Elementary School in retaliation for advocacy for special education students.

/////

9.     Her claim for damages for defendants' failure to accommodate her visual disability.

WITNESSES

Plaintiff anticipates calling the following:

A.     Lay Witnesses:

1.     Plaintiff, Lisa Polonsky-Britt.

Subject matter: her employment with the District; her advocacy on behalf of special education students; defendants' retaliation against her; defendants' violation of laws and her objections thereto; damages she suffered as a result of defendants' actions.

2.     Nancy Holcomb

Subject matter: defendants' violation of State and Federal laws and pressure brought to bear on employees to do the same; retaliation.

3.     Bertha Ulloa

Subject matter: Offer made to plaintiff regarding reduction of full time special education position at April Lane.

4.     Lisa Sheppard

Subject matter: defendants' violation of state and federal laws and pressure brought to bear on employees to do the same.

5.     Maria Endemano

Subject matter: defendants' violation of state and federal laws and pressure brought to bear on employees to do the same.

6.     Ron Britt

Subject matter: effect of defendants' conduct on plaintiff; damages.

7.     Mellissa Britt

Subject matter: effect of defendants' conduct on plaintiff; damages.

8.    <u>Gloria Polonsky</u>

Subject matter: effect of defendants' conduct on plaintiff; damages.

B.    Expert Witnesses:

1.    <u>Lorraine Tortosa, M.D.</u>

Subject matter: plaintiff suffered anxiety, depression, mental and emotional stress, embarrassment, and humiliation as a result of her employment with YCUSD. Dr. Tortosa will testify based on her observations from treating the plaintiff and on her diagnosis and prognosis.

2.    <u>Michael Chin, M.D.</u>

Subject matter: the actions of YCUSD toward plaintiff caused injury and damage to plaintiff's heart. Dr. Chin will also testify about her observations of plaintiff and plaintiff's diagnosis and prognosis.

3.    <u>Aryana Arash, M.D.</u>

Subject matter: the actions of YCUSD towards plaintiff caused injury and damage to her heart and need for surgery. Dr. Arash will also testify about her observations of plaintiff and plaintiff's diagnosis and prognosis.

4.    <u>Lisa Metcalf, M.D.</u>

Subject matter: her observations and treatment of plaintiff, diagnosis and prognosis and her opinion that the actions of defendant caused the depression and mental and emotional stress plaintiff experienced.

Defendants anticipate calling some of the following:

A.    Lay Witnesses:

1.    <u>Angela Huerta – Principal, April Lane Elementary School</u>

Subject matter: the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and others regarding the provision of

services to special education students; special education student enrollment;
plaintiff's teaching assignments and work sites; policies and procedures with
respect to Section 504 of the Rehabilitation Act; YCUSD's policies and
procedures; plaintiff's employment history with YCUSD and at April Lane
Elementary School.

2.   <u>Craig Guensler – former Assistant Superintendent of Human Resources; currently
Superintendent of Wheatland School District.</u>

Subject matter: the provision of scheduling, equipment, facilities and other
support to teach and supervise the instruction of YCUSD special education
students; communications between plaintiff and others regarding the provision of
services to special education students; special education student enrollment;
plaintiff's teaching assignments and work sites; YCUSD's policies and
procedures; plaintiff's employment history with YCUSD.

3.   <u>Brian Arcuri – Former Vice Principal at April Lane Elementary School; now at
Raymon S. Tafoya Elementary School</u>

Subject matter: the provision of scheduling, equipment, facilities and other
support to teach and supervise the instruction of YCUSD special education
students; communications between plaintiff and others regarding the provision of
services to special education students; special education student enrollment;
plaintiff's teaching assignments and work sites; YCUSD's policies and
procedures; plaintiff's employment history with YCUSD; State modified science
assessment issues.

4.   <u>Elizabeth Engleken – Director of Special Education for YCUSD</u>

Subject matter: the provision of scheduling, equipment, facilities and other
support to teach and supervise the instruction of YCUSD special education
students; communications between plaintiff and others regarding the provision of

services to special education students; special education student enrollment; plaintiff's teaching assignments and work sites; policies and procedures with respect to Section 504 of the Rehabilitation Act; YCUSD's policies and procedures; plaintiff's employment history with YCUSD.

5. <u>Doreen Osumi – Assistant Superintendent YCUSD</u>

Subject matter: same as Elizabeth Engleken.

6. <u>Tom Walters – Assistant Superintendent of Human Resources, YCUSD</u>

Subject matter: same as Elizabeth Engleken.

7. <u>Helen Gomez – Literary Coach, April Lane Elementary</u>

Subject matter: the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and others regarding the provision of services to special education students; communications between plaintiff and others regarding plaintiff's employment at April Lane Elementary School.

8. <u>Diane Bailey – YCUSD Program Specialist, YCUSD</u>

Subject matter: the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and others regarding the provision of services to special education students; assistance provided to plaintiff in support of special education students.

9. <u>Maria Ringo, Teacher YCUSD</u>

Subject matter: the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and YCUSD regarding the provision of services to special education students; communications between YCUSD and plaintiff regarding plaintiff's employment.

10.  <u>Elisabeth Miller – Principal at Lincrest Elementary</u>

Subject matter: the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and YCUSD regarding the provision of services to special education students; communications between YCUSD and plaintiff regarding plaintiff's employment; plaintiff's employment at Lincrest Elementary School.

11.  <u>Elisabeth Davit – Assistant Principal at Lincrest Elementary</u>

Subject matter: plaintiff's employment at Lincrest Elementary School; the provision of scheduling, equipment, facilities and other support to teach and supervise the instruction of YCUSD special education students; communications between plaintiff and YCUSD regarding the provision of services to special education students; communications between YCUSD and plaintiff regarding plaintiff's employment.

12.  <u>Dana Samay – instructional aide Yuba City Unified School District</u>

Subject matter: plaintiff's employment at King Avenue School; the provision of special education services at King Avenue Elementary School.

13.  <u>Bertha Ulloa – Teacher at Yuba City Unified School District</u>

Subject matter: 80% Learning Center position at April Lane Elementary School and whether that position would revert back to a 100% position.

14.  <u>Ina Olson</u>

Subject matter: plaintiff's employment at Lincrest Elementary School; the provision of services to special education students and Lincrest Elementary School.

/////

/////

15.    <u>Lori Lust – instructional aide at Yuba City Unified School District</u>

Subject matter: plaintiff's employment at April Lane Elementary; the provision of special education services at April Lane Elementary School; the reduction of the Learning Center position at April Lane Elementary School to an 80% position.

16.    <u>Wendy Jenks – teacher at King Avenue Elementary School</u>

Subject matter: plaintiff's employment at King Avenue Elementary School; the provision of special education services at King Avenue Elementary School.

17.    <u>Shelly Holloway – teacher at King Avenue Elementary School</u>

Subject matter: same as Wendy Jenks.

18.    <u>Megan Bolton – teacher at King Avenue Elementary School</u>

Subject matter: same as Wendy Jenks.

19.    <u>Veronica Coats – teacher at King Avenue Elementary School</u>

Subject matter: same as Wendy Jenks.

20.    <u>Frank Piper – teacher at King Avenue Elementary School</u>

Subject matter: same as Wendy Jenks.

21.    <u>Clarissa Reeson – teacher at Lincrest Elementary School</u>

Subject matter: plaintiff's employment at Lincrest Elementary School; the provision of special education services at Lincrest Elementary School.

22.    <u>Tracy Allen – teacher at Lincrest Elementary School</u>

Subject matter: same as Clarissa Reeson.

23.    <u>Alyssa Fukumoto – teacher at Lincrest Elementary School</u>

Subject matter: same as Clarissa Reeson.

24.    <u>Frank Makofka  -teacher at Lincrest Elementary School</u>

Subject matter: same as Clarissa Reeson.

/////

/////

25.   Leslie Allison – teacher at April Lane Elementary School

Subject matter: plaintiff's employment at April Lane Elementary School; the provision of special education services at April Lane Elementary School.

26.   Daisy Crawford – teacher at April Lane Elementary School

Subject matter: same as Leslie Allison.

27.   Kathy Phillips – teacher at Lincoln School

Subject matter: the provision of special education services at YCUSD; advocacy for special education students without retaliation.

28.   Susan Fletcher – teacher at Yuba City High School

Subject matter: same as Kathy Phillips.

29.   Veronica Coats – school psychologist at YCUSD

Subject matter: same as Kathy Phillips.

30.   Sara Smith – program specialist at YCUSD

Subject matter: same as Kathy Phillips.

31.   Gina Filipelli – school psychologist (retired)

Subject matter: same as Kathy Phillips.

B.   Expert Witnesses:

1.   Dr. Charles L. Scott, M.D. – Chief, Division of Psychiatry and the Law; Professor of Clinical Psychiatry

Subject matter: plaintiff's mental health; plaintiff's claim of emotional distress.

2.   Dr. Raye L. Bellinger, M.D., MBA, FACC, FSGC, QME – Cardiovascular & Peripheral Vascular Medicine.

Subject matter: plaintiff's cardiovascular health; plaintiff's claim that she suffered cardiac anomalies as a result of her treatment at YCUSD.

/////

/////

3.      John Sayler, M.A. – Special Education Consultant

Subject matter: the provision of special education services at YCUSD; plaintiff's claim that YCUSD special education students were not provided free and appropriate education; plaintiff's claim that YCUSD violated Section 504 of the Rehabilitation Act; standard of care in complying with Section 504 of the Rehabilitation Act; YCUSD's policies and procedures with respect to special education; standard of care in special education settings; district allocation of special education staff; special education student placement; preparation of student Individual Education Plans (IEPs); modified assessments and waivers; and special education student caseloads.  Each party may call any witnesses designated by the other.

A.      The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.      Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition;

(4) If time did not permit, a reasonable summary of the witness's

testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff will present the following exhibits:

1.  Memorandum dated September 22, 2009: Assignment in salary placement for 2009/2010 school year.

2.  Certificated employee worksheet 2008/2009.

3.  Lisa Polonsky-Britt, Applicant vs. Yuba City Unified School District, Defendant, Case Number ADJ7068660, transcript of proceedings June 22, 2011.

Defendants will present the following exhibits:

A.  Deposition of Lisa Polonsky-Britt volume I.

B.  Deposition of Lisa Polonsky-Britt volume II.

C.  Deposition of Lisa Polonsky-Britt volume III.

D.  Deposition of Angela Huerta.

E.  Deposition of Bertha Ulloa.

F.  Deposition of Craig Guensler.

G.  Deposition of Dana Samay.

H.  Deposition of Doreen Osumi.

I.  Deposition of Dr. Michael Chin.

J.  Deposition of Elizabeth Engelken.

K.  Deposition of Dr. Lorraine Tortosa.

L.  Deposition of Ina Olson.

M.  Deposition of Maria Endemano.

N.  Deposition of Lori Lust.

O.      Deposition of Lisa Metcalf.

P.      Defendant Yuba City Unified School District's special interrogatories to plaintiff.

Q.      Plaintiff's responses to YCUSD's special interrogatories.

R.      Defendant Yuba City Unified School District's request for production of document to plaintiff.

S.      Plaintiff's response to YCUSD's request for production of documents.

T.      Plaintiff's special interrogatories to YCUSD.

U.      YCUSD's responses to plaintiff's special interrogatories.

V.      Plaintiff's request for production of documents to YCUSD set one.

W.      Plaintiff's request for production of documents set two.

X.      YCUSD's responses to plaintiff's request for production of documents set one.

Y.      YCUSD's responses to plaintiff's request for production of documents set two.

Z.      YCUSD's FRCP Rule 26(a)(1) disclosure.

AA.     Plaintiff's FRCP Rule 26(a)(1) disclosure.

BB.     Charles Scott, M.D. - expert witness report.

CC.     Resume for Charles Scott, M.D.

DD.     Raye Bellinger M.D. – expert witness report.

EE.     Resume for Raye Bellinger, M.D.

FF.     John Sayler – expert witness report.

GG.     Resume for John Sayler.

HH.     IEP for A.M.[1]

II.     IEP for J.K.

JJ.     IEP for W.S.

KK.     IEP for J.L.

---

[1] Minors should be referred to in all court filings by their initials only.  Local Rule 140(a)(i).

1    LL.    IEP for S.O.

2    MM.    IEP for T.J. B.

3    NN.    IEP for K.M.

4    OO.    IEP for M.F.

5    PP.    IEP for V.C.

6    QQ.    IEP for M.S.

7    RR.    YCUSD Board Policy 4030 – Personnel – Nondiscrimination In Employment.

8    SS.    YCUSD Administrative Regulation 4030 – Personnel – Nondiscrimination In

9           Employment.

10   TT.    YCUSD Administrative Regulation 4032 – Personnel – Reasonable

11          Accommodation.

12   UU.    YCUSD Administrative Regulation 4112.22 – Personnel – Staff Teaching English

13          Language Learners.

14   VV.    YCUSD Administrative Regulation 4112.23 – Personnel – Special Education

15          Staff.

16   WW.    YCUSD Board Policy 4113 – Personnel – Assignment.

17   XX.    YCUSD Administrative Regulation 4113 – Personnel – Assignment.

18   YY.    YCUSD Board Policy 4114 – Personnel – Transfer / Reassignment.

19   ZZ.    YCUSD Board Policy 4144 – Personnel – Complaints.

20   A-3.   YCUSD Administrative Regulation 4144 – Personnel – Complaints.

21   B-3.   YCUSD Board Policy 5145.3 – Students – Nondiscrimination / Harassment.

22   C-3.   YCUSD Board Policy 6120 – Instruction – Response to Instruction and

23          Intervention.

24   D-3.   YCUSD Board Policy 6159 – Instruction – Individualized Education Program.

25   E-3.   YCUSD Administrative Regulation 6159 – Instruction – Individualized Education

26          Program.

F-3.   YCUSD Board Policy 6159.1 – Instruction – Procedural Safeguards And Complaints For Special Education.

G-3.   YCUSD Administrative Regulation 6159.1 – Instruction – Procedural Safeguards And Complaints For Special Education.

H-3.   YCUSD Board Policy 6159.2 – Instruction – Nonpublic, Nonsectarian School And Agency Services For Special Education.

I-3.   YCUSD Administrative Regulation 6159.2 – Instruction – Nonpublic, Nonsectarian School And Agency Services For Special Education.

J-3.   YCUSD Administrative Regulation 6159.4 – Instruction – Behavioral Interventions For Special Education Students.

K-3.   YCUSD Board Policy 6162.51 – Instruction – Standardized Testing And Reporting Program.

L-3.   YCUSD Administrative Regulation 6162.51 – Instruction – Standardized Testing And Reporting Program.

M-3.   YCUSD Board Policy 6164.4 – Instruction – Identification And Evaluation Of Individuals For Special Education.

N-3.   YCUSD Administrative Regulation 6164.4 – Instruction – Identification And Evaluation Of Individuals For Special Education.

O-3.   YCUSD Board Policy 6164.1 – Instruction – Children With Disabilities Enrolled By Their Parents In Private School.

P-3.   YCUSD Administrative Regulation 6164.41 – Instruction – Children With Disabilities Enrolled By Their Parents In Private School.

Q-3.   YCUSD Board Policy 6164.5 – Instruction – Student Success Teams.

R-3.   YCUSD Administrative Regulation 6164.5 – Instruction – Student Success Teams.

/////

S-3.   YCUSD Board Policy 6164.6 – Instruction – Identification And Education Under Section 504.

T-3.   YCUSD Administrative Regulation 6164.6 – Instruction – Identification And Education Under Section 504.

U-3.   YCUSD Board Policy 6174 – Instruction – Education For English Language Learners.

V-3.   YCUSD Administrative Regulation 6174 – Instruction – Education For English Language Learners.

W-3.   YCUSD Administrative Regulation 6183 – Instruction – Home And Hospital Instruction.

X-3.   Deposition of Lisa Polonsky-Britt before the Workers Compensation Appeals Board dated 3/24/10

Y-3.   Deposition of Miles Weber, M.D. before the Workers Compensation Appeals Board dated 1/25/12.

Z-3.   Transcript of proceedings before the Workers Compensation Appeals Board dated 6/22/11.

A-4.   Plaintiff's Personnel File.

B-4.   November 19, 2008 email thread between plaintiff, Angela Huerta and Doreen Osumi.  Subject: Protocol/Conflict.

C-4.   March 19, 2009 email from Helen Gomez to all teachers.  Subject: mini day.

D-4.   November 17, 2008 email thread between Helen Gomez and Angela Huerta. Subject: FW: visit.

E-4.   Email thread re: CMA Science.

F-4.   Special Education Teacher/Aide Staffing spreadsheet for 07/08 school year.

G-4.   Special Education Teacher/Aide Staffing spreadsheet for 08/09 school year.

H-4.   Special Education Teacher/Aide Staffing spreadsheet for 09/10 school year.

I-4.    Special Education Teacher/Aide Staffing spreadsheet for 10/11 school year.

J-4.    Email thread dated November 24, 2008 re: Peer Mediation.

K-4.    Email thread between plaintiff and Elizabeth Engleken re: LC issues at King.

L-4.    Email thread between plaintiff, Diane Bailey, Gina Filipelli, Kathy Beck, Tom Walters re: Special Education.

M-4.    Email thread between plaintiff and Diane Bailey re: Tomorrow (Thursday, Oct. 1).

N-4.    IME Report from Robert McAuley, MD.

O-4.    Plaintiff's medical records from Sutter North Medical Foundation.

P-4.    Plaintiff's medical records from Regional Cardiology Associates.

Q-4.    Plaintiff's records from the office of Maurice A. Minervini, D.O.

R-4.    IME report dated 12/09/2009 written by Robert McAuley, M.D.

S-4.    IME report dated 10/19/2010 written by Miles Weber, MD.

T-4.    Supplemental IME report dated 11/11/2010 written by Miles Weber, MD.

U-4.    Plaintiff's medical records from Fremont Rideout Health Group Comp Clinic.

V-4.    Opinion on Decision, State of California, Division of Worker's Compensation, dated 06/28/2011.

W-4.    Memorandum of Understanding between teachers union and YCUSD.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1.  The exhibits could not reasonably have been discovered earlier;

    2.  The court and the opposing parties were promptly informed of their existence;

    3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

FURTHER DISCOVERY OR MOTIONS

None.

STIPULATIONS

None.

/////

1  AMENDMENTS/DISMISSALS

2          None.

3  SETTLEMENT

4          The parties attempted to mediate this case on two separate occasions (June 26, 2012

5  and October 15, 2012) before Judge Tom Hill.  The parties agree that this case could settle as soon

6  as the outcome of plaintiff's pending retirement application is known.  Plaintiff has been unable to

7  obtain a hard deadline for the determination of her pending application.  The trial date is being set

8  far enough out to allow for determination, based on the parties' understanding of the time still

9  needed.

10  MOTIONS IN LIMINE

11          The parties anticipate one issue that should be decided in a motion in limine:

12  plaintiff's suitability as a self-designated expert in special education.  The court will hear this

13  motion before trial.  **Motions are due three weeks before the date of trial; oppositions are**

14  **due two weeks before trial; replies are due one week before trial.**  Failure to comply with

15  Local Rule 230(c) may be deemed consent to the motion and the court may dispose of the

16  motion summarily.  *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

17          Each pretrial evidentiary ruling is made without prejudice and is subject to proper

18  renewal, in whole or in part, during trial.  If a party wishes to contest a pretrial ruling, it must do

19  so through a proper motion or objection, or otherwise forfeit appeal on such grounds.  *See* FED. R.

20  EVID. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir. 2001)

21  ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of

22  that evidence may only be challenged on appeal if the aggrieved party attempts to offer such

23  evidence at trial.") (alteration, citation and quotation omitted).  In addition, challenges to expert

24  testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) are denied

25  without prejudice.  Should a party wish to renew a *Daubert* challenge at trial, it should alert the

26  /////

1  court, at which point the court may grant limited voir dire before such expert may be called to

2  testify.

3  JOINT STATEMENT OF THE CASE

4          The court approves the parties' proposed statement of the case, with some

5  redactions, to be read to the jury at the beginning of trial:

> Mrs. Polonsky-Britt filed this lawsuit for violation of Section 504 of the Rehabilitation Act against Yuba City Unified School District.  Mrs. Polonsky-Britt alleges that the school district retaliated against her because of her advocacy on behalf of the district's special education students.
>
> Specifically, Mrs. Polonsky-Britt alleges that her job includes teaching students who were beneficiaries of federal funding subject to Section 504 of the Rehabilitation Act and that the District failed to provide Mrs. Polonsky-Britt and her students with adequate scheduling, equipment, facilities and other support to properly teach, consult, coach, and supervise the instruction of the special education students assigned to her.  She reported this to the District.  In response to her reports, Mrs. Polonsky-Britt alleges that the District retaliated against her by: ignoring her phone calls and emails; excluding her from important meetings; attempting to coerce her to violate the Rehabilitation Act and other laws; [ ] and falsely inform[ing] her that due to a student shortage she would have to accept a part-time position or transfer to a different school.
>
> The District disputes Mrs. Polonsky-Britt's claim and states that the evidence shows that [p]laintiff's special education students were provided free and appropriate education in accordance with state and federal law.  The District further states that there is no evidence that Mrs. Polonsky-Britt was retaliated against for raising concerns about the District's special education students.  Rather, the perceived retaliatory conduct was the result of the District's normal day-to-day operations (e.g., the transfer of teachers due to declining student enrollment) and Mrs. Polonsky-Britt's inability to get along with others and not because of any retaliatory animus.

22  (Joint Pretrial Statement at 19-20, ECF 69.)

23  SEPARATE TRIAL OF ISSUES

24          None.

25  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

26          None.

ATTORNEYS' FEES

        The court will resolve this issue post trial.

ESTIMATED TIME OF TRIAL/TRIAL DATE

        Jury trial is set for February 11, 2013 at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last no more than a week.  The parties are directed to Judge Mueller's trial schedule outlined on the Judge's webpage contained in the "standing orders" link under the "important information" heading.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

        The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

        The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

        Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word processable document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

        Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

        Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED:  December 12, 2012.

UNITED STATES DISTRICT JUDGE