1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

LISA POLONSKY-BRITT,                              No.  2:10-CV-02951-KJM-JFM

12

                    Plaintiffs,

13

          v.                                      ORDER

14

YUBA CITY UNIFIED SCHOOL
DISTRICT, et al.,

15

16

                    Defendants.

17

18          Yuba City Unified School District ("defendant") moves to enforce a settlement

19   agreement with Lisa Polonsky-Britt ("plaintiff"), requesting in the alternative an evidentiary

20   hearing on any disputes of material fact.  Defs.' Mot. for Enforcement of the Settlement

21   ("Mot.") at 1–2, ECF No. 90.  Finding the matter suitable for disposition without argument, the

22   court took the matter under submission.

23          For the reasons below, the court GRANTS the request for an evidentiary hearing

24   and defers judgment on the motion to enforce settlement.

25   I.          BACKGROUND

26           Plaintiff filed suit on November 1, 2010, alleging two claims: (1) deprivation

27   of constitutional rights under 42 U.S.C. § 1983; and (2) retaliation under section 504 of the

28   Rehabilitation Act, 29 U.S.C. § 794.  Compl. ¶¶ 27–46, ECF No. 1.  Following stipulation by

1

1   the parties, Stipulation and Proposed Order at 1–2, ECF No. 17, the court dismissed the first

2   claim with prejudice on May 5, 2011, Order at 1–2, ECF No. 19.  Defendant then moved for

3   summary judgment on the second claim, Def.'s Mot. for Summ. J. at 1, ECF No. 42, which the

4   court denied on November 15, 2012, Order at 1, ECF No. 71.

5          Before the case was to go to trial, the parties stipulated to a stay.  Stipulation and

6   Proposed Order at 1–2, ECF No. 82.  The stipulation, signed by counsel for both parties,

7   included the following language: "[T]he parties have entered into a conditional settlement the

8   terms of which are as follows: a $ 150,000.00 [sic] payment from the Defendant contingent

9   upon Plaintiff receiving disability retirement from CalSTRS . . . , in exchange for a full and

10  final release of any and all claims arising out of her employment with [defendant], . . . and

11  Plaintiff to voluntarily separate from her employment [with defendant] but remain eligible for

12  retirement health benefits provided she pays her premiums."  *Id.* at 2.  The court granted the

13  stay on May 3, 2013.  Minute Order, ECF No. 83.

14         CalSTRS approved plaintiff for disability retirement on September 23, 2013,

15  Jay Decl., Ex. C, ECF No. 91, and plaintiff's counsel communicated the approval to defense

16  counsel on October 11, 2013, *id.*  On November 18, 2013, defense counsel emailed plaintiff's

17  counsel a proposed settlement and release agreement.  Jay Decl., Ex. D, ECF No. 91.  That

18  document provided for a $150,000 payment to plaintiff in exchange for release of defendant

19  from all potential claims and plaintiff's resignation.  *Id.*  The proposed agreement also specified

20  that plaintiff was "eligible to enroll in [defendant]'s retiree health plan" and that plaintiff "shall

21  pay any and all costs associated with her enrollment" therein.  *Id.*  Defendant approved and

22  executed the proposed settlement and release agreement on November 20, 2013.  Mot. at 4.  To

23  date, plaintiff has refused to execute the agreement.

24  II.       STANDARD

25         "[A] district court has the equitable power to enforce summarily an agreement to

26  settle a case pending before it."  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations

27  omitted).  "[A] motion to enforce [a] settlement agreement essentially is an action to

28  specifically enforce a contract," *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir.

1 1989), and the "court's enforcement power include[s] authority to award damages" or "specific

2 performance," *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citations

3 omitted).

4   "[T]he district court may enforce only *complete* settlement agreements." *Callie*,

5 829 F.2d at 890 (emphasis in original; citations omitted).  A complete agreement requires:

6 (1) accord on all "*material terms*"; and (2) "the intent of the parties to bind themselves." *Id.* at

7 891 (emphasis in original).  Intent is established "[i]f the record . . . show[s] that the [parties]

8 had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the

9 action . . . ." *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977).

10   "Where material facts concerning the *existence* or *terms* of an agreement to

11 settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie*, 829 F.2d at

12 890 (emphasis in original) (citing *Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510,

13 1511 (9th Cir. 1984)); *see also In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958–59 (9th Cir.

14 1994) (holding summary enforcement improper where material facts disputed).  Such factual

15 disputes include "[w]hether the parties *intended* only to be bound upon the execution of a

16 written, signed agreement . . . ." *Callie*, 829 F.3d at 890–91 (emphasis in original; citations

17 omitted).  "In the absence of a signed writing, . . . the moving party must demonstrate that the

18 parties intended to be bound in the absence of a fully executed agreement." *Schaffer v. Litton*

19 *Loan Servicing, L.P.*, No. CV 05-07673 MMM (JCx), 2012 WL 10274678, at *9 (C.D. Cal.

20 Nov. 13, 2012) (citing *Callie*, 829 F.3d at 890–91).

21 III.  ANALYSIS

22   Defendant moves to compel enforcement, arguing "the parties reached an

23 enforceable settlement agreement" that is "complete and . . . unambiguous." Mot. at 2.  It

24 further insists that "Plaintiff's counsel was authorized to settle this matter," *id.*, and the

25 "settlement was placed on the record via a stipulation of the parties," *id.* (citing Stipulation of

26 the Parties to Stay the Case and Proposed Order ¶ 2).  As such, "Defendant requests that this

27 Court enter judgment in its favor" or "conduct an evidentiary hearing if it finds any dispute of

28 material fact as to whether the parties entered into an enforceable settlement agreement." *Id.*

3

1    Plaintiff responds that "plaintiff never saw the [proposed] release and settlement

2 agreement prior to approval by defendant and its counsel," and "Plaintiff's counsel, while

3 advising defense counsel that the release and settlement agreement appeared consistent with the

4 parties' prior stipulation, did not make any [such] representations in open Court . . . ." Opp'n at

5 5.  Further, plaintiff asserts, there was "[n]o [m]eeting of the [m]inds." *Id.*  "At all times during

6 settlement negotiations it was plaintiff's understanding that [the] part of the settlement

7 involving future healthcare benefits would be administered similarly [to when she was

8 employed].  That plaintiff's share of the cost of premiums or dollar amount might fluctuate

9 depending on the type of coverage she preferred was never an issue or discussed." *Id.*

10 "Defendant never advised plaintiff she would be responsible for all costs to enroll and all

11 premiums." *Id.* at 6.

12    In essence, the parties dispute both elements necessary to form a "*complete*

13 settlement agreement[]": agreement as to material terms and intent to be bound.  *Callie*, 829

14 F.2d at 890 (emphasis in original; citations omitted).  In contesting whether "[plaintiff's

15 healthcare] premiums," Stipulation and Proposed Order at 2, is equivalent to "any and all costs

16 associated with [plaintiff's enrollment] in [defendant]'s health plan," Jay Decl., Ex. D, the

17 parties disagree as to the interpretation of a material term.  Additionally, the parties dispute

18 intent in several respects: whether plaintiff authorized counsel to settle on her behalf, whether

19 plaintiff intended to be bound without an executed instrument and whether plaintiff's counsel,

20 assuming authorization, intended to be bound without an executed instrument.  Under such

21 circumstances, the court must hold an evidentiary hearing to resolve the factual disputes before

22 properly deciding the motion to enforce settlement.  *Callie*, 829 F.2d at 890.

23 /////

24 /////

25 /////

26 /////

27 /////

28 /////

IV.        CONCLUSION

As set forth above, the court GRANTS the request for an evidentiary hearing. Within fourteen days of the date of this order, the parties are to file a joint statement detailing the anticipated: (1) scope of the hearing, enumerating (A) the factual disputes to be decided and (B) the parties' respective positions as to each; (2) witnesses; (3) exhibits; (3) duration; and (4) schedule, including total time and available dates.  In light of the hearing, the court postpones disposition of the motion to enforce settlement.

IT IS SO ORDERED.

DATED: April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE