UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA POLONSKY-BRITT, | No. 2:10-CV-02951-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| YUBA CITY UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

        Defendant Yuba City Unified School District moves to enforce a settlement agreement with plaintiff Lisa Polonsky-Britt. Def.'s Mot. for Enforcement of the Settlement ("Mot.") at 1–2, ECF No. 90. In its previous order, the court deferred ruling on the merits of the motion but granted defendant's alternative request for an evidentiary hearing to resolve disputes of material fact. Order at 1, ECF No. 96. Subsequently, the parties filed a joint request, stating that "an evidentiary hearing would be unworkable" because of attorney-client privilege concerns and asking the court to instead rule on the merits. Joint Status Report at 1–2, ECF No. 97. Finding the matter suitable for disposition without argument, the court now decides the matter on the papers. For the reasons below, the motion is DENIED.

I.      BACKGROUND

        Plaintiff filed suit on November 1, 2010, alleging two claims: (1) deprivation of constitutional rights under 42 U.S.C. § 1983; and (2) retaliation under section 504 of the

1

1  Rehabilitation Act, 29 U.S.C. § 794.  Compl. ¶¶ 27–46, ECF No. 1.  Following the parties'
2  stipulation, Stipulation and Proposed Order for Dismissal at 1–2, ECF No. 17, the court
3  dismissed the first claim with prejudice on May 5, 2011, Order at 1–2, ECF No. 19.  Defendant
4  then moved for summary judgment on the second claim, Def.'s Mot. for Summ. J. at 1, ECF
5  No. 42, which the court denied on November 15, 2012, Order at 1, ECF No. 71.

6  Before the case was to go to trial, the parties stipulated to a stay.  Stipulation and
7  Proposed Order for Stay ¶ 3, ECF No. 82.  The stipulation, signed by counsel for both parties,
8  included the following language: "[T]he parties have entered into a conditional settlement the
9  terms of which are as follows: a $ 150,000.00 [sic] payment from the Defendant contingent
10 upon Plaintiff receiving disability retirement from CalSTRS . . . , in exchange for a full and
11 final release of any and all claims arising out of her employment with [defendant], . . . and
12 Plaintiff to voluntarily separate from her employment [with defendant] but remain eligible for
13 retirement health benefits provided she pay [sic] her premiums."  *Id.* ¶ 2.  The court granted the
14 stay on May 3, 2013.  Minute Order, ECF No. 83.

15 CalSTRS approved plaintiff for disability retirement on September 23, 2013,
16 and plaintiff's counsel communicated the approval to defense counsel on October 11, 2013.
17 Jay Decl. Ex. C, ECF No. 91.  On November 18, 2013, defense counsel emailed plaintiff's
18 counsel a proposed settlement and release agreement.  *Id.* Ex. D, ECF No. 91.  That document
19 provided for a $150,000 payment to plaintiff in exchange for release of defendant from all
20 potential claims and plaintiff's resignation.  *Id.*  The proposed agreement also specified that
21 plaintiff was "eligible to enroll in [defendant]'s retiree health plan" and that plaintiff "shall pay
22 any and all costs associated with her enrollment" therein.  *Id.*  Defendant approved and
23 executed the proposed settlement and release agreement on November 20, 2013.  Mot. at 4.  To
24 date, plaintiff has refused to execute the agreement.

25 II.        STANDARD

26 "[A] district court has the equitable power to enforce summarily an agreement to
27 settle a case pending before it."  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations
28 omitted).  "[A] motion to enforce [a] settlement agreement essentially is an action to

2

specifically enforce a contract," *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989), and the "court's enforcement power include[s] authority to award damages" or specific performance, *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citations omitted).

"[T]he district court may enforce only *complete* settlement agreements." *Callie*, 829 F.2d at 890 (emphasis in original) (citations omitted). A complete agreement requires: (1) accord on all "*material terms*"; and (2) "the intent of the parties to bind themselves." *Id.* at 891 (emphasis in original). Intent is established "[i]f the record . . . show[s] that the [parties] had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action . . . ." *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977).

"Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie*, 829 F.2d at 890 (emphasis in original) (citations omitted); *see also In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958–59 (9th Cir. 1994) (holding summary enforcement improper where material facts disputed). Such factual disputes include "[w]hether the parties *intended* only to be bound upon the execution of a written, signed agreement . . . ." *Callie*, 829 F.2d at 890–91 (emphasis in original) (citations omitted). "In the absence of a signed writing, . . . the moving party must demonstrate that the parties intended to be bound in the absence of a fully executed agreement." *Schaffer v. Litton Loan Servicing, L.P.*, No. CV 05-07673 MMM (JCx), 2012 WL 10274678, at *9 (C.D. Cal. Nov. 13, 2012) (citing *Callie*, 829 F.3d at 890–91).

III.     ANALYSIS

Defendant moves to compel enforcement, arguing "the parties reached an enforceable settlement agreement" that is "complete and . . . unambiguous." Mot. at 1–2. It further insists that "Plaintiff's counsel was authorized to settle this matter," *id.* at 2, and the "settlement was placed on the record via a stipulation of the parties," *id.* (citing Stipulation and Proposed Order for Stay ¶ 2). Defendant requests, as relevant here, "that this Court enter judgment in its favor." *Id.*

3

1 Plaintiff responds that "plaintiff never saw the [proposed] release and settlement
2 agreement prior to approval by defendant and its counsel," and "Plaintiff's counsel, while
3 advising defense counsel that the release and settlement agreement appeared consistent with the
4 parties' prior stipulation, did not make any [such] representations in open Court . . . ." Opp'n at
5 5.  Further, plaintiff asserts, there was "[n]o [m]eeting of the [m]inds." *Id.* "At all times during
6 settlement negotiations it was plaintiff's understanding that [the] part of the settlement
7 involving future healthcare benefits would be administered similarly [to when she was
8 employed]." *Id.* "That plaintiff's share of the cost of premiums or dollar amount might
9 fluctuate depending on the type of coverage she preferred was never an issue or discussed." *Id.*
10 "Defendant never advised plaintiff she would be responsible for all costs to enroll and all
11 premiums." *Id.* at 6.

12 In essence, the parties dispute both elements necessary to form a complete
13 settlement agreement, namely agreement as to material terms and intent to be bound. *Callie*,
14 829 F.2d at 890.  In contesting whether "[plaintiff's healthcare] premiums," Stipulation and
15 Proposed Order for Stay ¶ 2, is equivalent to "any and all costs associated with [plaintiff's
16 enrollment] in [defendant]'s health plan," Jay Decl. Ex. D , the parties disagree as to the
17 interpretation of a material term.  Additionally, the parties dispute intent in several respects:
18 whether plaintiff authorized counsel to settle on her behalf, whether plaintiff intended to be
19 bound without an executed instrument and whether plaintiff's counsel, assuming authorization,
20 intended plaintiff to be bound without an executed instrument.  In light of these unresolved
21 factual disputes, defendant has not "demonstrate[d] that the parties intended to be bound . . . ."
22 *Schaffer*, 2012 WL 10274678, at *9.  Granting the motion under such circumstances is,
23 therefore, improper. *In re City Equities Anaheim, Ltd.*, 22 F.3d at 958–59; *see also Callie*, 829
24 F.2d at 890.
25 /////
26 /////
27 /////
28 /////

4

IV.     CONCLUSION

As set forth above, the court DENIES the motion. The court lifts the parties' stipulated stay and schedules a final pretrial conference for **June 19, 2014 at 3:30 p.m.** No later than fourteen days before the conference, the parties may file an updated joint pretrial statement. If no new statement is filed, the court will rely on the parties' previous joint pretrial statement. *See* ECF No. 69.

IT IS SO ORDERED.

DATED: May 14, 2014.

_____
UNITED STATES DISTRICT JUDGE