UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA POLONSKY-BRITT, | No.  2:10-CV-02951-KJM-EFB |
| Plaintiff, | |
| v. | |
| | ORDER |
| YUBA CITY UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

On June 20, 2014, the court conducted a final pretrial conference.  Michael J. Trezza appeared for plaintiff, and James K. Ward appeared for defendants.  After the hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b) as defendant resides in the district and a substantial majority of the underlying events occurred in the district as well.  Jurisdiction and venue are not contested.

JURY/NON-JURY

Both parties request a jury.

/////

/////

1

UNDISPUTED FACTS

        The parties have agreed to the following undisputed facts:

1. Plaintiff began working at the Yuba County Unified School Distrit ("YCUSD") as a special education instructor approximately fifteen years ago.

2. Plaintiff worked at YCUSD's April Lane Elementary School up to and including the 2008–2009 academic year.

3. As a special education instructor, plaintiff's job duties included teaching students who were beneficiaries of federal funding subject to section 504 of the Rehabilitation Act.

4. During the 2008–2009 academic year, April Lane Elementary School Principal, Angela Huerta, asked plaintiff to teach three English Language Development students.

5. Plaintiff agreed to work with the three English Language Development students and did not raise any objections about doing so.

6. Plaintiff has the appropriate credentials to teach English Language Development.

7. YCUSD's peer mediation program is voluntary so April Lane Elementary School's Literacy Coach, Helen Gomez, was not required to mediate a dispute with plaintiff regarding an inadvertent email she sent to plaintiff but which was meant for April Lane's Principal, Angela Huerta.

8. As Principal for April Lane Elementary School, Angela Huerta's duties include supervision of all teaching personnel.

9. During the 2008–2009 academic year at April Lane, school administrators held a meeting where a "panel of experts" would provide strategies on how to handle behavior problems for all students (not just special education students).

10. Plaintiff was not included on the "panel of experts."

11. During the 2008–2009 academic year, April Lane Elementary School's Vice Principal, Brian Arcuri, asked plaintiff to obtain parental waivers for three special education students at April Lane that had taken the State's modified science assessment.

12. Plaintiff refused to obtain the parental waivers because she believed it to be illegal since the testing had already occurred.

13. It was plaintiff's responsibility to determine the year before whether the students were eligible to take the modified science assessment.

14. Vice Principal Arcuri was directed by YCUSD's Program Specialist, Diane Bailey, to contact the parents and obtain the parental waivers himself.

15. Plaintiff was not disciplined because she refused to obtain the parental waivers.

16. Near the end of the 2008–2009 school year, plaintiff was called to the District Office and was told that her Learning Center position at April Lane was being reduced to an 80% position beginning with the 2009–2010 school year due to lack of special education student enrollment.

17. Plaintiff does not believe that anyone at YCUSD lied to her about the reasons given to her regarding the reduction of the April Lane Learning Center position.

18. Pursuant to the District's Memorandum of Understanding with the teachers' union, YCUSD can assign teachers wherever they are needed.

19. Following the decision to reduce the April Lane Learning Center position, plaintiff was given the following options regarding her worksite:

    A.  She could remain at April Lane in the 80% position;

    B.  She could transfer to King Avenue Elementary School in a 100% position;

    C.  She could transfer to Andros Karperos Middle School in a 100% position; or

    D.  She could transfer to a local charter school in a 100% position.

20. Plaintiff accepted the District's offer to transfer to King Avenue Elementary School in a 100% position.

21. Plaintiff took a leave of absence from October 31, 2008 through March 31, 2009.

DISPUTED FACTUAL ISSUES

    The parties dispute the following factual issues:

1. The parties dispute whether plaintiff engaged in protected activity by advocating for special education students.

2. The parties dispute whether plaintiff suffered any materially adverse employment action as a result of her advocacy for special education students.

3

3. The parties dispute whether there was a causal connection between any perceived adverse employment action imposed by YCUSD and any alleged advocacy for special education students by plaintiff.

4. The parties dispute whether YCUSD provided plaintiff with adequate support and services so that she could adequately instruct her special education students at April Lane Elementary School.

5. The parties dispute that Angela Huerta's (April Lane Elementary School Principal) request that plaintiff serve three English Language Development students during the 2008–2009 academic year was retaliation for plaintiff advocating for special education students.

6. The parties dispute that the inadvertent email sent by YCUSD employee Helen Gomez was retaliation for plaintiff advocating for special education students.

7. The parties dispute that April Lane Elementary School Principal Angela Huerta began checking on plaintiff's whereabouts in retaliation for plaintiff advocating for special education students.

8. The parties dispute that plaintiff's exclusion from a "panel of experts" formed to discuss strategies on how to handle student behavior issues was in retaliation for plaintiff advocating for special education students.

9. The parties dispute whether YCUSD committed any illegal act with respect to its attempt to obtain parental waivers after the modified science testing had been conducted.  (See undisputed facts number 4 through 7 above.)

10. The parties dispute whether April Lane Vice Principal, Brian Arcuri, retaliated against plaintiff as a result of plaintiff's refusal to obtain parental waivers for the modified science testing.

11. The parties dispute the reason or reasons for the decision to reduce the April Lane Elementary School Learning Center position to an 80% position beginning with the 2009–2010 school year.

4

12. The parties dispute whether YCUSD made any offer to plaintiff which would have allowed her to remain in her position at the April Lane Learning Center for the 2009–2010 school year and earn a salary commensurate with a 100% special education teacher.

13. The parties dispute the types and amounts of damages to which plaintiff is entitled to recover, if any.

14. The parties dispute whether plaintiff suffered any emotional distress damages.

SPECIAL FACTUAL INFORMATION

In the joint pretrial statement, plaintiff provided the following special factual information: "Plaintiff, age fifty-six, has suffered mental and emotional distress, anxiety, depression, embarrassment, and humiliation as a result of defendant's conduct. In addition, plaintiff has suffered damage to her heart and cardiovascular system. Plaintiff has incurred medical expenses of approximately $120,000.00 (billed), and actual amounts paid by plaintiff and her medical insurance in the amount of approximately $20,000.00. She has incurred general damages in a reasonable amount according to proof. Plaintiff was totally disabled from October 31, 2008, through March 31, 2009. At the time her earnings were $5,506.23 per month. Her wage loss claim is therefore $27,531.25 for the 5 month period of disability."

The parties did not, however, indicate whether the facts are disputed or undisputed as required under Local Rule 281. Accordingly, the court directs the parties to meet and confer and categorize each of the above facts as disputed or undisputed. The parties are directed to file a joint statement with this information within thirty days of the filing of this order.

DISPUTED EVIDENTIARY ISSUES

Plaintiff does not dispute any evidentiary issues.

Defendant disputes the following:

1. Plaintiff designated herself as an expert in this matter in the field of special education. Discovery has not revealed that plaintiff is qualified to testify as an expert in the field of

special education.  Defendant will request that plaintiff be precluded from testifying as an expert witness.

2. On August 31, 2012, YCUSD filed a motion for summary judgment contending that plaintiff failed to establish a *prima facie* case of retaliation under section 504 of the Rehabilitation Act.  The court issued its order on YCUSD's motion for summary judgment on November 15, 2012, denying the motion and significantly narrowing the issues remaining to be tried.  It found that plaintiff had established genuine issues of material fact as to only three issues: (1) whether plaintiff engaged in protected activity when she objected to obtaining illegal *post hoc* parental consent for modified student assessments; (2) whether plaintiff suffered an adverse employment action when she transferred from April Lane Elementary School to King Avenue Elementary School starting with the 2009–2010 school year; and (3) whether plaintiff's objections to the *post hoc* test waivers proximately caused YCUSD to retaliate against her by forcing her to transfer to King Avenue Elementary School or accept a reduction in hours.

At hearing, plaintiff agreed that these three issues are the only to be tried.  The court will address plaintiff's self-designation as an expert upon filing of a motion *in limine*.

AGREED STATEMENTS

None.

RELIEF SOUGHT

Plaintiff is seeking economic damages for medical expenses incurred and wage loss.  In addition, she is seeking general damages and future medical expenses for treatment of depression, anxiety, and mental and emotional distress.  Plaintiff is also seeking recovery for future medical expenses for treatment of cardiovascular damages, all in an amount according to proof.

Defendant prays that: (1) plaintiff takes nothing by reason of the Complaint and that judgment be entered in favor of defendant; (2) the defendant be awarded costs of suit, including attorneys' fees; and (3) the court grant other and further relief that it deems just and proper.

6

POINTS OF LAW

Plaintiff contends she was retaliated against by defendant for advocating on behalf of some of her special education students and for objecting to practices she believed to be in violation of the law.  Plaintiff's claims are brought pursuant to the anti-retaliation provisions of section 504 of the Rehabilitation Act of 1973.

Defendant denies liability for any of the legal theories set forth above by plaintiff or in the Complaint and set forth the following points of law that may reasonably be expected to be in controversy at the trial in this matter and which will be discussed further in defendant's trial brief:

1.  Did plaintiff engage in protected activity by advocating for YCUSD special education students?

2.  Did YCUSD cause plaintiff to suffer a materially adverse employment action as a result of any advocacy on plaintiff's part for special education students?

3.  Is there a causal link between any protected activity by plaintiff and any materially adverse employment action that plaintiff suffered?

4.  If plaintiff proves all three points set forth above, did YCUSD have legitimate, non-discriminatory reasons for the adverse action imposed?

5.  If YCUSD provides evidence of legitimate, non-discriminatory reasons for the adverse employment action, can plaintiff show that the proffered reason(s) is pretextual?

ABANDONED ISSUES

Plaintiff abandons the following:

1.  Plaintiff hereby abandons her claim that the verbal altercation between the Plaintiff and her co-worker, Roy Bagley, regarding April Lane's proposed character education program was a retaliatory act based upon advocacy for special education students.

2.  Plaintiff hereby abandons her claim that the April Lane Principal's failure to intervene in the argument between Plaintiff and Roy Bagley was a retaliatory act based upon advocacy for special education students.

3. Plaintiff hereby abandons her claim that Tom Walter's (King Avenue Elementary School's Principal) failure to give Plaintiff a room key during the summer before she started working at King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

4. Plaintiff hereby abandons her claim that the District's offer to Plaintiff to work at a local parochial school following her leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

5. Plaintiff hereby abandons her claim that the District's offer to Plaintiff to work at a local charter school following her leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

6. Plaintiff hereby abandons her claim that Plaintiff's "Home and Hospital" assignment following her return to work after a leave of absence from King Avenue Elementary School was a retaliatory act based upon advocacy for special education students.

7. Plaintiff hereby abandons any claim that her physical working conditions (i.e. lighting to accommodate her visual disability) were in retaliation for advocacy for special education students.

8. Plaintiff hereby abandons her claim that she was not allowed to retrieve her teaching items from King Avenue Elementary School in retaliation for advocacy for special education students.

9. Plaintiff hereby abandons her claim for damages for defendant's failure to accommodate her visual disability.

    Defendant abandons no issues.

WITNESSES

    Plaintiff anticipates calling the following witnesses:

A. Lay Witnesses

    1. Lisa Polonsky-Britt.

    2. Nancy Holcomb

    3. Bertha Ulloa

8

1        4.   Lisa Sheppard

2        5.   Maria Endemano

3        6.   Ron Britt

4        7.   Mellissa Britt

5        8.   Gloria Polonsky

6   B.  Expert Witnesses

7        1.   Lorraine Tortosa, M.D.

8        2.   Michael Chin, M.D.

9        3.   Aryana Arash, M.D.

10       4.   Lisa Metcalf

11           Defendants anticipates calling the following witnesses:

12  A.  Lay Witnesses

13       1.   Angela Huerta

14       2.   Craig Guensler

15       3.   Brian Arcuri

16       4.   Elizabeth Engleken

17       5.   Doreen Osumi

18       6.   Tom Walters

19       7.   Helen Gomez

20       8.   Diane Bailey

21       9.   Maria Ringo

22       10.  Elisabeth Miller

23       11.  Elisabeth Davit

24       12.  Dana Samay

25       13.  Bertha Ulloa

26       14.  Ina Olson

27       15.  Lori Lust

28       16.  Wendy Jenks

9

17. Shelly Holloway

18. Megan Bolton

19. Veronica Coats

20. Frank Piper

21. Clarissa Reeson

22. Tracy Allen

23. Alyssa Fukumoto

24. Frank Makofka

25. Leslie Allison

26. Daisy Crawford

27. Kathy Phillips

28. Susan Fletcher

29. Veronica Coats

30. Sara Smith

31. Gina Filipelli

B. Expert Witnesses

    1.  Dr. Charles L. Scott, M.D.

    2.  Dr. Raye L. Bellinger, M.D., MBA, FACC, FSGC, QME

    3.  John Sayler, M.A.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

Plaintiff will present the following exhibits:

1. Memorandum dated September 22, 2009 re: assignment in salary placement for 2009–2010 school year.

2. Certificated employee worksheet 2008–2009.

3. Transcript of June 22, 2011 proceedings in Lisa Polonsky-Britt, Applicant v. Yuba City Unified School District, Defendant, Case Number ADJ7068660.

Defendants will present the following exhibits:

1. Deposition of Lisa Polonsky-Britt volume I.

2.   Deposition of Lisa Polonsky-Britt volume II.

3.   Deposition of Lisa Polonsky-Britt volume III.

4.   Deposition of Angela Huerta.

5.   Deposition of Bertha Ulloa.

6.   Deposition of Craig Guensler.

7.   Deposition of Dana Samay.

8.   Deposition of Doreen Osumi.

9.   Deposition of Dr. Michael Chin.

10. Deposition of Elizabeth Engelken.

11. Deposition of Dr. Lorraine Tortosa.

12. Deposition of Ina Olson.

13. Deposition of Maria Endemano.

14. Deposition of Lori Lust.

15. Deposition of Lisa Metcalf.

16. Defendant Yuba City Unified School District's special interrogatories to plaintiff.

17. Plaintiff's responses to YCUSD's special interrogatories.

18. Defendant Yuba City Unified School District's request for production of documents to plaintiff.

19. Plaintiff's response to YCUSD's request for production of documents.

20. Plaintiff's special interrogatories to YCUSD.

21. YCUSD's responses to plaintiff's special interrogatories.

22. Plaintiff's request for production of documents to YCUSD set one.

23. Plaintiff's request for production of documents set two.

24. YCUSD's responses to plaintiff's request for production of documents set one.

25. YCUSD's responses to plaintiff's request for production of documents set two.

26. YCUSD's FRCP Rule 26(a)(1) disclosure.

27. Plaintiff's FRCP Rule 26(a)(1) disclosure.

28. Charles Scott, M.D. - expert witness report.

11

29. Resume for Charles Scott, M.D.

30. Raye Bellinger M.D. – expert witness report.

31.     Resume for Raye Bellinger, M.D.

32.     John Sayler – expert witness report.

33. Resume for John Sayler.

34. Individualized Education Program ("IEP") for A.M.

35.     IEP for J.K.

36.     IEP for W.S.

37. IEP for J.L.

38.     IEP for S.O.

39. IEP for T.J.B.

40. IEP for Katelyn M.

41. IEP for Makenna F.

42.     IEP for Victoria C.

43. IEP for Mike S.

44. YCUSD Board Policy 4030 – Personnel – Nondiscrimination In Employment.

45.     YCUSD Administrative Regulation 4030 – Personnel – Nondiscrimination In Employment.

46.     YCUSD Administrative Regulation 4032 – Personnel – Reasonable Accommodation.

47. YCUSD Administrative Regulation 4112.22 – Personnel – Staff Teaching English Language Learners.

48. YCUSD Administrative Regulation 4112.23 – Personnel – Special Education  Staff.

49. YCUSD Board Policy 4113 – Personnel – Assignment.

50. YCUSD Administrative Regulation 4113 – Personnel – Assignment.

51. YCUSD Board Policy 4114 – Personnel – Transfer / Reassignment.

52.     YCUSD Board Policy 4144 – Personnel – Complaints.

A-3.    YCUSD Administrative Regulation 4144 – Personnel – Complaints.

B-3.   YCUSD Board Policy 5145.3 – Students – Nondiscrimination / Harassment.

C-3.   YCUSD Board Policy 6120 – Instruction – Response to Instruction and Intervention.

D-3.   YCUSD Board Policy 6159 – Instruction – Individualized Education Program.

E-3.   YCUSD Administrative Regulation 6159 – Instruction – Individualized Education Program.

F-3.   YCUSD Board Policy 6159.1 – Instruction – Procedural Safeguards And Complaints For Special Education.

G-3.   YCUSD Administrative Regulation 6159.1 – Instruction – Procedural Safeguards And Complaints For Special Education.

H-3.   YCUSD Board Policy 6159.2 – Instruction – Nonpublic, Nonsectarian School And Agency Services For Special Education.

I-3.   YCUSD Administrative Regulation 6159.2 – Instruction – Nonpublic, Nonsectarian School And Agency Services For Special Education.

J-3.   YCUSD Administrative Regulation 6159.4 – Instruction – Behavioral Interventions For Special Education Students.

K-3.   YCUSD Board Policy 6162.51 – Instruction – Standardized Testing And Reporting Program.

L-3.   YCUSD Administrative Regulation 6162.51 – Instruction – Standardized Testing And Reporting Program.

M-3.   YCUSD Board Policy 6164.4 – Instruction – Identification And Evaluation Of Individuals For Special Education.

N-3.   YCUSD Administrative Regulation 6164.4 – Instruction – Identification And Evaluation Of Individuals For Special Education.

O-3.   YCUSD Board Policy 6164.1 – Instruction – Children With Disabilities Enrolled By Their Parents In Private School.

P-3.   YCUSD Administrative Regulation 6164.41 – Instruction – Children With Disabilities Enrolled By Their Parents In Private School.

13

Q-3.   YCUSD Board Policy 6164.5 – Instruction – Student Success Teams.

R-3.   YCUSD Administrative Regulation 6164.5 – Instruction – Student Success
Teams.

S-3.   YCUSD Board Policy 6164.6 – Instruction – Identification And Education
Under Section 504.

T-3.   YCUSD Administrative Regulation 6164.6 – Instruction – Identification And
Education Under Section 504.

U-3.   YCUSD Board Policy 6174 – Instruction – Education For English Language
Learners.

V-3.   YCUSD Administrative Regulation 6174 – Instruction – Education For English
Language Learners.

W-3.   YCUSD Administrative Regulation 6183 – Instruction – Home And Hospital
Instruction.

X-3.   Deposition of Lisa Polonsky-Britt before the Workers Compensation Appeals
Board dated 3/24/10

Y-3.   Deposition of Miles Weber, M.D. before the Workers Compensation Appeals
Board dated 1/25/12.

Z-3.   Transcript of proceedings before the Workers Compensation Appeals Board
dated 6/22/11.

A-4.   Plaintiff's Personnel File.

B-4.   November 19, 2008 email thread between plaintiff, Angela Huerta and Doreen
Osumi.  Subject: Protocol/Conflict.

C-4.   March 19, 2009 email from Helen Gomez to all teachers.  Subject: mini day.

D-4.   November 17, 2008 email thread between Helen Gomez and Angela Huerta.
Subject: FW: visit.

E-4.   Email thread re: CMA Science.

F-4.   Special Education Teacher/Aide Staffing spreadsheet for 2007–2008 school
year.

G-4.    Special Education Teacher/Aide Staffing spreadsheet for 2008–2009 school year.

H-4.    Special Education Teacher/Aide Staffing spreadsheet for 2009–2010 school year.

I-4.    Special Education Teacher/Aide Staffing spreadsheet for 2010–2011 school year.

J-4.    Email thread dated November 24, 2008 re: Peer Mediation.

K-4.    Email thread between plaintiff and Elizabeth Engelken re: LC issues at King.

L-4.    Email thread between plaintiff, Diane Bailey, Gina Filipelli, Kathy Beck, Tom Walters re: Special Education.

M-4.    Email thread between plaintiff and Diane Bailey re: Tomorrow (Thursday, Oct. 1).

N-4.    IME Report from Robert McAuley, MD.

O-4.    Plaintiff's medical records from Sutter North Medical Foundation.

P-4.    Plaintiff's medical records from Regional Cardiology Associates.

Q-4.    Plaintiff's records from the office of Maurice A. Minervini, D.O.

R-4.    IME report dated 12/09/2009 written by Robert McAuley, M.D.

S-4.    IME report dated 10/19/2010 written by Miles Weber, MD.

T-4.    Supplemental IME report dated 11/11/2010 written by Miles Weber, MD.

U-4.    Plaintiff's medical records from Fremont Rideout Health Group Comp Clinic.

V-4.    Opinion on Decision, State of California, Division of Worker's Compensation, dated 06/28/2011.

W-4.    Memorandum of Understanding between teachers union and YCUSD.

The court encourages the parties to generate a joint exhibit list to the extent possible.  Joint exhibits shall be identified as JX and listed numerically (e.g., JX-1, JX-2).

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1. The party proffering the exhibit demonstrates the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated; or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in section B, below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing parties were promptly informed of their existence; and

    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any discovery document to be used at trial with the Clerk of the Court no later than fourteen days before trial.

The parties anticipate using:

1. Deposition of Lisa Polonsky-Britt volumes I, II and II taken on 1/24/12, 2/15/12, 3/14/12.

16

2.   Deposition of Angela Huerta taken 2/16/12.

3.   Deposition of Bertha Ulloa taken 2/16/12.

4.   Deposition of Craig Guensler taken 3/12/12.

5.   Deposition of Dana Samay taken 3/8/12.

6.   Deposition of Doreen Osumi taken 3/8/12.

7.   Deposition of Dr. Michael Chin taken 5/22/12.

8.   Deposition of Elizabeth Engelken taken 3/8/12.

9.   Deposition of Dr. Lorraine Tortosa taken 6/7/12.

10. Deposition of Ina Olson taken 3/1/12.

11. Deposition of Maria Endemano taken 3/1/12.

12. Deposition of Lori Lust taken 3/1/12.

13. Deposition of Lisa Metcalf taken 5/24/12.

14. Defendant Yuba City Unified School District's special interrogatories to Plaintiff.

15. Plaintiff's responses to YCUSD's special interrogatories.

16. Defendant Yuba City Unified School District's request for production of documents to Plaintiff.

17. Plaintiff's response to YCUSD's request for production of documents.

18. Plaintiff's special interrogatories to YCUSD.

19. YCUSD's responses to Plaintiff's special interrogatories.

20. Plaintiff's request for production of documents to YCUSD set one and two.

21. YCUSD's responses to Plaintiff's request for production of documents set one and two.

22. YCUSD's FRCP Rule 26(a)(1) disclosure.

23. Plaintiff's FRCP Rule 26(a)(1) disclosure.

FURTHER DISCOVERY OR MOTIONS

None.

STIPULATIONS

None.

17

1  AMENDMENTS/DISMISSALS

2          None.

3  SETTLEMENT

4          Having waived conflict as to the assigned magistrate judge, the parties are

5  directed to attend a settlement conference with the Honorable Edmund F. Brennan on August

6  28, 2014 at 10:00 a.m. in Courtroom No. 8, 13th Floor.  Counsel are instructed to have a

7  principal with full settlement authority present or to be fully authorized to settle the matter on

8  any terms.  *See* L.R. 270.  At least seven days before the conference, counsel for each party

9  shall submit a confidential Settlement Conference Statement using the following email address:

10  efborders@caed.uscourts.gov.  Such statements are neither to be filed with the Clerk nor served

11  on opposing counsel.  However, each party shall serve notice on all other parties that the

12  statement has been submitted.

13  MOTIONS IN LIMINE

14          The parties anticipate filing motions *in limine* but have not yet done so.

15          The court will hear these motions before trial.  **Motions are due three weeks**

16  **before the date of trial; oppositions are due two weeks before trial; replies are due one**

17  **week before trial.**  Failure to comply with Local Rule 230(c) may be deemed consent to the

18  motion, and the court may dispose of the motion summarily.  *Brydges v. Lewis*, 18 F.3d 651,

19  652–53 (9th Cir. 1994).

20          Each pretrial evidentiary ruling is made without prejudice and is subject to

21  proper renewal, in whole or in part, during trial.  If a party wishes to contest a pretrial ruling, it

22  must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds.

23  *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir.

24  2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the

25  exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to

26  offer such evidence at trial.") (internal alteration, citation and quotation marks omitted).  In

27  addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

28  509 U.S. 579 (1993), are denied without prejudice.  Should a party wish to renew a *Daubert*

challenge at trial, it should alert the court, at which point the court may grant limited voir dire before such expert may be called to testify.

JOINT STATEMENT OF THE CASE

The parties propose the following statement of the case to be read to the jury at the beginning of trial:

"James K. Ward of Evans, Wieckowski & Ward, LLP represents Yuba City Unified School District.

Michael J. Trezza of Trezza, Ithurburn, Steidmayer & Ithurburn represents the Plaintiff, Lisa Polonsky-Britt.

Mrs. Polonsky-Britt filed this lawsuit for violation of Section 504 of the Rehabilitation Act against Yuba City Unified School District. Mrs. Polonsky-Britt alleges that the school district retaliated against her because of her advocacy on behalf of the district's special education students.

Specifically, Mrs. Polonsky-Britt alleges that her job includes teaching students who were beneficiaries of Federal funding subject to Section 504 of the Rehabilitation Act and that the District failed to provide Mrs. Polonsky-Britt and her students with adequate scheduling, equipment, facilities and other support to properly teach, consult, coach, and supervise the instruction of the special education students assigned to her and that she reported this to the District. In response to her reports, Mrs. Polonsky-Britt alleges that the District retaliated against her by falsely informing her that due to a student shortage she would have to accept a part-time position or transfer to a different school.

The District disputes Mrs. Polonsky-Britt's claim and states that the evidence shows that Plaintiff's special education students were provided free and appropriate education in accordance with state and federal law. The District further states that there is no evidence that Mrs. Polonsky-Britt was retaliated against for raising concerns about the District's special education students. Rather, the perceived retaliatory conduct was the result of the District's normal day-to-day operations (e.g. the transfer of teachers due to declining student enrollment)

19

and Mrs. Polonsky-Britt's inability to get along with others and not because of any retaliatory animus."

SEPARATE TRIAL OF ISSUES

　　　　　None.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

　　　　　The parties do not believe that court appointment of experts is appropriate at this time.  The parties also do not believe that the number of experts witnesses who will testify at trial should be limited, except for those expert witnesses who did not submit expert witness reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

ATTORNEYS' FEES

　　　　　The court will resolve this issue after trial.

TRIAL PROTECTIVE ORDER

　　　　　To the extent any YCUSD students have been identified through discovery, minors are to be identified by only their initials in all exhibits and at trial.

ESTIMATED TIME OF TRIAL/TRIAL DATE

　　　　　Jury trial is scheduled for **February 2, 2015** at 8:30 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller.  The parties are directed to advise the court as soon as possible whether they consent to magistrate-judge jurisdiction.

　　　　　Trial is projected to last six to eight days.  The parties are directed to Judge Mueller's trial schedule outlined on the Judge's webpage contained in the "standing orders" link under the "important information" heading.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

　　　　　The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

　　　　　The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To

the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall email a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word processable document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

<u>MISCELLANEOUS</u>

Trial briefs are due seven days before trial.  Production of parties or party-controlled witnesses or documents is to be obtained through a notice to appear rather than a subpoena.

<u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

IT IS SO ORDERED.

DATED:  June 26, 2014.

_____
UNITED STATES DISTRICT JUDGE